[Cite as *State v. Collins*, 2022-Ohio-1018.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210302 |
| | | TRIAL NO. B-2004916 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| REGINA A. COLLINS, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: March 30, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp*, for Defendant-Appellant.

**ZAYAS, Judge.**

**{¶1}** Regina A. Collins appeals the trial court's judgment finding Collins incompetent to stand trial and ordering her to undergo treatment at Summit Behavioral Services. We reverse the trial court's judgment because the Court Clinic report on competency relied on by the court was not properly admitted into evidence, and therefore, there was not sufficient evidence to overcome the presumption of competence.

## Factual Background

**{¶2}** On October 27, 2020, Regina A. Collins was indicted for theft from a person in a protected class and unauthorized use of property, both felonies of the second degree. Collins entered not-guilty pleas in mid-November. In December, the case was continued for a plea or trial setting at Collins's request to January 11, 2021. On January 12, the case was continued at Collins's request for a report on hospital subpoenas previously filed by Collins. Both attorneys agreed to the continuance per telephone consent.

**{¶3}** The following day, an entry appointing the Court Clinic for a psychiatric exam of Collins was journalized. The entry stated "the Court, being fully advised, is of the opinion that psychiatric examination is necessary to assist the Court in determining the proper disposition of the case." A competency report was submitted by the Court Clinic concluding that Collins was incompetent. Collins filed a motion seeking an additional evaluation.

**{¶4}** The motion stated that the court had ordered a competency evaluation based on "information relating to Defendant's professional history and allegations in the present case." Collins acknowledged receipt of the Court Clinic report opining that

she was incompetent and in need of inpatient restoration. Collins disputed these conclusions and requested a second evaluation to be conducted by Dr. Stephen Noffsinger of Cleveland, Ohio.

{¶5} At a hearing to discuss the competency report, Collins reiterated her disagreement with the conclusion that she was incompetent and requested that Dr. Noffsinger be appointed to conduct a second evaluation. The court wished to explore Collins's past relationship with Dr. Noffsinger, so Collins gave sworn testimony.

{¶6} Collins testified that her initial contact with Dr. Noffsinger occurred in 2008 after her law license was suspended. She learned about him when she was seeking a favorable report to reinstate her law license. Collins spoke with him briefly to ask if he would accept a payment plan for his services. He responded, "No," and she had no further contact with him. The court agreed to order a second opinion, and ultimately appointed Dr. Noffsinger to complete a second evaluation.

{¶7} At the next hearing, the trial court explained that, "We are here for a follow-up on competency." Dr. Noffsinger's report had been filed that day. The court had reviewed a copy of the report and stated the report would not be made part of the record. Dr. Noffsinger reported that he could not make a competency determination and recommended an extended period of diagnosis and observation in order to reach a conclusion.

{¶8} Collins reviewed the report and maintained her belief that she was competent to stand trial. Collins objected to inpatient restoration and to restoration at Summit Behavioral Services. She requested that the court allow her to be out and monitored by the Court Clinic while the court considered the least restrictive environment.

{¶9} The trial court conducted a competency hearing, relying on the report from the Court Clinic that found that Collins was incompetent to stand trial. When the court asked Collins if she had any additional evidence for the court to consider, she responded that she was unaware there would be a full hearing that day, and she believed she could complete a third evaluation. She requested a continuance to obtain a third evaluation, which the court denied.

{¶10} The court accepted the Court Clinic report, adopted that opinion, and found Collins incompetent to stand trial under R.C. 2945.37. The court ordered Collins to undergo treatment at Summit Behavioral Services. The court stayed the order pending resolution of the appeal.

{¶11} Collins appeals, arguing that the incompetency determination is not supported by competent, credible evidence because the trial court did not take any testimony and the competency reports were not admitted into evidence.

## Competency to Stand Trial

{¶12} "Fundamental principles of due process require that a criminal defendant who is legally incompetent may not be tried." *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995). Where the issue of a defendant's competency to stand trial has been raised, the trial court must determine the defendant's competency in accordance with R.C. 2945.37.

{¶13} R.C. 2945.37(B) provides that "the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial" and, "[i]f the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section." Under the statute, the defendant "is presumed to be competent to stand trial." R.C. 2945.37(G). This presumption may be overcome if, "after a hearing,

the court finds by a preponderance of the evidence" that the defendant is not competent. *State v. Adams*, 103 Ohio St.3d 508, 2004-Ohio-5845, 817 N.E.2d 29, ¶ 74.

{¶14} "The prosecutor and defense counsel may submit evidence on the issue of the defendant's competence to stand trial." R.C. 2945.37(E). The written report of the evaluation of the defendant "may be admitted into evidence at the hearing by stipulation" or, if objected to by either party, "may be admitted under sections 2317.36 to 2317.38 of the Revised Code or any other applicable statute or rule." R.C. 2945.37(E). A written report is admissible under R.C. 2317.36 "when testified to by the person, or one of the persons, making such report or finding * * * ."

{¶15} Based on the court's order appointing the Court Clinic and Collins's motion requesting a second evaluation, it appears the trial court raised the issue of competency based on information it received during a telephone conference regarding Collin's professional history and unknown allegations regarding the current case. Collins did not raise the issue and consistently disputed that she was incompetent.

{¶16} The Court Clinic prepared a report at the court's request that concluded Collins was incompetent. A second report prepared by Dr. Noffsinger recommended additional testing and observation to determine whether Collins was competent. Collins objected to both reports and requested a continuance to seek a third evaluation. The court denied the request, adopted the Court Clinic report, and found Collins incompetent.

{¶17} However, neither report was admitted as evidence at the hearing. The court stated that Dr. Noffsinger's report would not be made part of the record, and the court did not admit the Court Clinic report. The parties did not request that the Court

Clinic report be admitted as evidence or stipulate to the report. Absent a stipulation, the author of the report was required to testify in order for the report to be admitted. *See* R.C. 2317.36.

{¶18} The state argues that it was unnecessary for the report to be admitted as evidence because the record is clear that the court and the parties received and read the report. While the state is correct that there is no requirement that the report be admitted as evidence, without the report, the evidence is insufficient to overcome the presumption of competency. Although the competency report may support the trial court's competency determination, that report was not admitted, and cannot be considered.

{¶19} Without the proper admission of the competency report, the evidence does not support a finding of incompetency. Collins testified regarding her past history with Dr. Noffsinger at the court's request. Collins understood the court's questions and answered appropriately, and the court relied on her responses to determine whether to appoint Dr. Noffsinger.

{¶20} Collins's attorney did not file a suggestion of incompetency or express any concerns regarding her ability to understand the proceedings or assist in her defense. Before the question of competency was raised, Collins filed multiple subpoenas requesting the medical records of the alleged victim. The request was made prior to the receipt of discovery or a bill of particulars from the state, suggesting that Collins was capable of assisting in her defense. Absent the admission of the competency evaluation, the evidence is insufficient to overcome the presumption of competence. Accordingly, we sustain the assignment of error.

**Conclusion**

6

**{¶21}** We sustain the sole assignment of error, reverse the trial court's judgment finding Collins incompetent to stand trial, and remand the cause to the trial court for further proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

**MYERS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry this date.